**Dated: October 6, 2026**

**The following is ORDERED:**

PAUL R. THOMAS
UNITED STATES BANKRUPTCY JUDGE

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **IN RE:**<br><br>**RALPH GRABEL AND BETTY GRABEL,**<br><br>**Debtors.** | **Case No. 87-02551-T**<br>**Chapter 11** |

**ORDER DENYING MOTION TO REOPEN CASE**

THIS MATTER comes before the Court pursuant to the Motion to Re-Open Bankruptcy Case, for the Appointment of a Trustee, and for the Abandonment of Property (the "Motion"),[1] filed by Jamario Jones ("Movant"); and the Response[2] to the Motion, filed by Ilene J. Lashinsky, United States Trustee for Region 20 ("UST"). The Court held a telephonic hearing in this contested matter on September 29, 2026, after which the Court took the matter under advisement. The following order is made pursuant to Federal Rule of Civil Procedure 52, made applicable to this contested matter by Federal Rules of Bankruptcy Procedure 7052 and 9014.

---

[1] ECF No. 233.
[2] ECF No. 239.

**Jurisdiction**

The Court has jurisdiction over this bankruptcy case pursuant to 28 U.S.C. § 1334(b).[3] Reference to the Court of the bankruptcy case is proper pursuant to 28 U.S.C. § 157(a). Matters concerning the administration of the estate are core proceedings as defined by 28 U.S.C. § 157(b)(2)(A).

**Background**

On September 17, 1987, Ralph and Betty Grabel ("Debtors") filed a voluntary petition under chapter 11 of the Bankruptcy Code.[4] No chapter 11 trustee was appointed and the Debtors managed their property and assets as Debtors in Possession throughout the case.[5] The Debtors' Second Amended Plan of Reorganization (the "Plan") was confirmed on November 14, 1988.[6] On September 11, 1989, the Final Report filed by Debtors was approved by the Court.[7] The clerk of court closed and dismissed the case on January 3, 1990,[8] and a final decree was issued on April 12, 1990.[9] The Movant and UST agree that both Debtors are now deceased.

Movant alleges that at the time Debtors filed this bankruptcy case, they were the owners of a vacant lot described as:

> A part of Lot Five (5), Block One (1), BUNKER HILL ADDITION to the City of Tulsa, Tulsa County, State of Oklahoma, according to the recorded Plat thereof, and being more particularly described as follows:

---

[3] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq*.

[4] Because of the age of this case, the only information regarding the case available to the Court is a copy of the original docket sheet, found at ECF No. 232 (the "Docket Sheet"). The pleadings, motions, orders, and other documents referenced therein are no longer available as part of the Court record.

[5] ECF No. 232.

[6] *Id*. at 15 (Original Doc. No. 194).

[7] *Id*. at 17.

[8] *Id*. (Original Doc. No. 219).

[9] *Id*. (Original Doc. No. 222).

> BEGINNING at the Southeast corner of said Lot Five (5); thence North along the East line a distance of 20.0 feet; thence North 22°52′26″ West a distance of 32.35 feet to a point on the North line of said Lot Five (5), said point being 11.98 feet West of the Northeast corner of said Lot Five (5); thence West along said North line a distance of 138.02 feet to the Northwest corner of said Lot Five (5); thence South a distance of 50.0 feet to the Southwest corner of said Lot Five (5); thence East along the South line of said Lot Five (5) a distance of 150.0 feet to the Southeast corner thereof, and the PLACE OF BEGINNING (the "Property").[10]

According to Movant, Debtors failed to list the Property as an asset in their bankruptcy schedules. Movant describes himself as the last grantee of record of the Property, and seeks to reopen this bankruptcy case for the purpose of "correcting" the title issue created by Debtors' failure to properly schedule the Property. For the reasons stated herein, the Court is unable to provide the requested relief to Movant, and will therefore deny the Motion.

**Discussion**

A. *Section 350(b): Reopening a Closed Case*

Section 350(b) of the Bankruptcy Code provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." The Bankruptcy Rules add that "[on] the debtor's or another party in interest's motion, the court may, under § 350(b), reopen a case."[11] A motion to reopen a case is not subject to the time limitations of Rule 60(b) of the Federal Rules of Civil Procedure, and thus may be filed at any time.[12] In a chapter 11 case, a "party in interest" with standing to file a motion to reopen the case includes "the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee."[13] Courts must determine on a case-

[10] ECF No. 233, at 7.

[11] Fed. R. Bankr. P. 5010.

[12] Fed. R. Bankr. P. 9024(a)(1). *See In re Coastline Care, Inc.*, 299 B.R. 373, 376-77 (Bankr. E.D.N.C. 2003).

[13] § 1109(b).

by-case basis whether a prospective party has a sufficient stake in the reorganization proceedings to be a "party in interest."[14] Because no party has objected to the standing of Movant to file the Motion, the Court will assume without deciding that Movant holds a sufficient financial stake in the outcome of this matter to give him standing to participate in the adjudication of the Motion.[15]

Whether to reopen a case is a matter committed to the Court's sound discretion.[16] A bankruptcy court that refuses to reopen a case that has been closed will not abuse its discretion if it cannot afford the moving party any relief upon reopening.[17]

B. *Section 1141(b): Vesting of Property of the Estate in the Debtor*

Under all chapters of the Bankruptcy Code, property of the estate is broadly defined to include "all legal or equitable interests of the debtor in property as of the commencement of the case."[18] Property of the estate encompasses property that is not scheduled or otherwise disclosed by the debtor. Under § 554, property that is properly scheduled that has not been administered when the case is closed is abandoned to the debtor.[19] Conversely, property of the estate that is not scheduled and not otherwise administered before a case is closed is not abandoned to the debtor at the time of closing, but rather remains property of the estate—forever.[20]

---

[14] *Truck Ins. Exch. v. Kaiser Gypsum Co., Inc.*, 602 U.S. 268, 277 (2024).

[15] *Id*. at 277-78.

[16] *In re Woods*, 173 F.3d 770, 778 (10th Cir. 1999).

[17] *In re Springer*, No. 24-5109, 2025 WL 2416812, at *2 (10th Cir. Aug. 21, 2025) (citing *Chanute Prod. Credit Ass'n v. Schicke* (*In re Schicke*), 290 B.R. 792, 798 (10th Cir. BAP 2003), *aff'd*, 97 F. App'x 249, 251 (10th Cir. 2004)); *In re Kirksey*, 433 B.R. 46, 48-49 (Bankr. D. Colo. 2010).

[18] § 541(a)(1) (noting exceptions that are not relevant here).

[19] § 554(c).

[20] § 554(d); *In re JZ L.L.C.*, 371 B.R. 412, 418 (9th Cir. BAP 2007).

In a case under chapter 7 of the Code, unscheduled property routinely causes debtors or parties in interest to seek relief from the court to reopen a case and allow administration of the assets. As one court noted:

> Section 554(d) prompts the question of who controls property of the estate remaining after the case is closed. In chapter 7, the answer is nobody. The trustee ceases to serve when the case closes. *See* 11 U.S.C. § 350(a). Since no Bankruptcy Code provision authorizes a chapter 7 debtor to control property of the estate that remains in such status by virtue of § 554(d), the debtor lacks standing, and nobody is left to take the helm. In short, the chapter 7 estate after closing is a rudderless ship.[21]

Chapter 11 cases, on the other hand, generally do not suffer this fate. Under § 1141(b), unless the court or the confirmed plan provides otherwise, "the confirmation of a plan vests all of the property of the estate in the debtor."[22] This includes all property of the estate, including unscheduled property.[23] In a case with a confirmed plan, such vesting will *always* take place before the closing of the case, such that no unadministered property will remain in the estate at the time of closing; i.e., "there is no rudderless ship."[24] At least one court has referred to this vesting as "presumptive" upon the confirmation of a plan, in the absence of evidence to the contrary.[25]

The Movant, being under the impression that the Property remains in the bankruptcy estate, asks the Court to reopen this case for the purpose of scheduling the Property and appointing a trustee to administer (and presumably to abandon) the Property. Although the Property was not scheduled by Debtors, it was included in the property of the estate that vested in Debtors upon confirmation of the Plan. Therefore, the Property does not belong to the Debtors' bankruptcy

---

[21] *In re JZ L.L.C.*, 371 B.R. at 418.
[22] § 1141(b).
[23] *In re JZ L.L.C.*, 371 B.R at 419; *In re Coastline Care*, 299 B.R. at 378.
[24] *In re JZ L.L.C.*, 371 B.R at 419.
[25] *Id.* The issue of a legal presumption is critical here because Movant has not produced a copy of the original confirmed plan filed in this case.

estate, there would be nothing for any trustee to administer, and no purpose would be served by reopening this case. Because it is unable to fashion any relief for Movant, the Court, in its discretion, will deny the Motion.[26]

Accordingly,

IT IS THEREFORE ORDERED THAT the Motion to Re-Open Bankruptcy Case, for the Appointment of a Trustee, and for the Abandonment of Property, filed by Jamario Jones, at ECF No. 233, is hereby DENIED.

###

[26] Although Movant did not address other avenues for relief, the Court notes that relief under § 1127(b) (modification of a confirmed plan) is likely foreclosed because the Plan has been substantially consummated, and relief under § 1144 (revocation of order of confirmation) would be foreclosed as untimely. *See In re Coastline Care*, 299 B.R. at 379.